LUIS A. CARRILLO, Esq. SBN 70398
MICHAEL S. CARRILLO, Esq. SBN 258878
LAURA M. JIMENEZ, Esq. SBN 237273
CARRILLO LAW FIRM, LLP
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KIMBERLY LAMB and LELAND RICHARD BARNETT,<br><br>                    Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, LEOBARDO M. TRUJILLO, SERGEANT TINEO, GIOVANNI A. SERA, BRANDON J. LONGORIA, JOSE L. GARCIA, MONICA GRANA, ROBERT HORAN AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>                    Defendants. | Case No.: 2:23-cv-03479-JLS-MAA<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES:**<br><br>1. **NEGLIGENCE;**<br>2. **WRONGFUL DEATH;**<br>3. **DENIAL OF MEDICAL CARE (42 U.S.C. § 1983);**<br>4. **INTERFERENCE WITH FAMILIAL RELATIONS (42 U.S.C. § 1983);**<br>5. **VIOLATION OF GOVERNMENT CODE §845.6 – FAILURE TO PROVIDE IMMEDIATE MEDICAL CARE; AND**<br>6. **VIOLATION OF BANE ACT (CAL. CIVIL CODE § 51.7);**<br><br>**[DEMAND FOR JURY TRIAL]** |

///

**COME NOW,** Plaintiffs KIMBERLY ELLEN LAMB and LELAND RICHARD BARNETT ("PLAINTIFFS"), for their Complaint ("COMPLAINT") against the COUNTY OF LOS ANGELES ("COUNTY"), LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, and allege as follows:

**I.**

**VENUE AND JURISDICTION**

1.      Venue is proper in the Superior Court of the State of California, for the County of Los Angeles, Southeast District, in that the underlying acts, omissions, injuries, circumstances, and related facts upon which the present action is based occurred in the City of Pico Rivera, County of Los Angeles, California, within the judicial boundaries of the Southeast District of this Superior Court. This Court has jurisdiction over the present matter because, as delineated within this complaint, the nature of the claims and amounts in controversy meet the requirements for unlimited damages jurisdiction in the Superior Court.

2.      On or about August 17, 2022, Plaintiff filed a California Tort Claim against the municipality, Defendant COUNTY OF LOS ANGELES. Plaintiff's Claim was rejected on October 14, 2023, therefore Plaintiff has exhausted all administrative responsibilities. *K.J. v. Arcadia Unified School District*, 172 Cal.App.4th 1229, 1243 (2009).

**II.**

**PARTIES**

3.      At all relevant times, LELAND WILLIAM BARNETT ("DECEDENT"), at the time of his death, was a 28 year old male, residing in the County of Los Angeles, California.

4.      Plaintiff, KIMBERLY ELLEN LAMB ("LAMB") is the biological mother of DECEDENT who is suing in her individual capacity as the mother of DECEDENT and in a representative capacity as a lawful successor-in-interest to DECEDENT pursuant

2

to California Code of Civil Procedure § 377.30 and § 377.60. Plaintiff LAMB seeks both survival and wrongful death damages. LAMB maintained a relationship with her son LELAND WILLIAM BARNETT. LAMB would celebrate birthdays, holidays, and other major life celebrations with her son. LAMB would receive support from her son to assist her with daily living expenses.

5.     Plaintiff, LELAND RICHARD BARNETT ("BARNETT") is the biological father of DECEDENT who is suing in his individual capacity as the father of DECEDENT and in a representative capacity as a lawful successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.30 and § 377.60. Plaintiff BARNETT seeks both survival and wrongful death damages. BARNETT maintained a relationship with his son LELAND WILLIAM BARNETT. BARNETT would celebrate birthdays, holidays, and other major life celebrations with his son. BARNETT would receive support from his son to assist her with daily living expenses.

6.     Defendant the COUNTY OF LOS ANGELES, ("COUNTY"), at all relevant times herein mentioned was and is a business entity, of form unknown, having its principal place of business in the County of Los Angeles, State of California. The COUNTY OF LOS ANGELES purposely conducts substantial business activities in the State of California.

7.     Plaintiffs are informed and believe and thereon allege that Defendants sued herein as DOES 1 through 5, inclusive, are managerial, supervisorial, and policymaking employees of the COUNTY OF LOS ANGELES, who were acting under color of law and within the course and scope of their duties as managerial, supervisory, and policymaking employees of the COUNTY in positions that include but are not limited to elected Undersheriffs, Assistant Sheriffs, Division Chiefs, Commanders, Captains, Lieutenants, and Sergeants who were acting with complete authority and ratification of their principal, Defendant COUNTY. Plaintiffs hereby substitute LEOBARDO M. TRUJILLO, Field Sergeant #438060 as DOE 1 and TINEO, Sergeant as DOE 2.

8.      Plaintiffs are informed and believe and thereon allege that Defendants sued herein as DOES 6 through 20, inclusive, are Deputy Sheriffs and/or other County of Los Angeles Jail Personnel employed by COUNTY. DOES 6 through 20 were acting under color of law and within the course and scope of their employment as officers, employees and agents for the Los Angeles County Sheriff's Department and the COUNTY OF LOS ANGELES.  DOES 6 through 20 were acting with the complete authority and ratification of their principal, Defendant COUNTY. Plaintiffs hereby substitute GIOVANNI A. SERA, Deputy #659206 as DOE 6; BRANDON J. LONGORIA, Deputy #529571 as DOE 7; JOSE L. GARCIA, Deputy #623573 as DOE 8; MONICA GRANA, Deputy #602946 as DOE 9; and ROBERT HORAN, Custody Assistant #442017 as DOE 10.

9.      In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 6 through 20 were acting on the implied and actual permission and consent of Defendants COUNTY and DOES 1-5.

10.     Plaintiffs allege, on information and belief, that each of the Defendants sued herein was wrongful, deliberately indifferent, negligent, and/or otherwise responsible in some manner for the events and happenings surrounding the death of DECEDENT. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including both individually named and to-be-identified DOE Defendants.

11.     The acts and omissions of all Defendants were at all material times pursuant to the actual customs, polices, practices, and/or procedures of Defendant COUNTY, the Los Angeles County Sheriff's Department and the Pico Rivera Sheriff's Station Jail.

12.     The true names or capacities of Defendants DOES 1 through 20 are unknown to Plaintiffs at this time who therefore sues said Defendants by fictitious names. Plaintiffs allege that in doing the acts and omissions herein alleged, said DOE Defendants were employed as employees, agents, or servants of the Defendant, COUNTY, and at all times herein relevant were acting within the scope and course of their employment with

the Defendant, COUNTY, and the acts and omissions of the said Defendants DOES 1 through 20 were the proximate cause of the injuries and losses suffered by Plaintiffs.

13.     At all times mentioned herein, each Defendant was responsible in some manner or capacity for the occurrences herein alleged. Plaintiffs' damages, as herein alleged, were proximately caused by all the acts and omissions of said Defendants. Defendants, COUNTY OF LOS ANGELES, and DOES 1-20 are sometimes collectively referred to herein as "Defendants" and/or as "All Defendants" and such collective reference refers to all specifically named Defendants.

14.     Plaintiffs allege that Defendants, COUNTY OF LOS ANGELES, and DOES 1-20, were the agents, contractors and/or employees of each and every other Defendant, and the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and with the permission and consent of each and every other Defendant and that such conduct was thereafter ratified by each and every other Defendant, and that each of them is jointly and severally liable to Plaintiffs. As such, each Defendant in this Complaint is legally responsible for the acts of the others.

15.     Defendants DOES 1-20 are sued in their individual capacities.

**III.**

**STATEMENT OF FACTS**

16.     On July 5, 2022, at approximately 5:00 p.m., Defendant Los Angeles County Sheriff Deputies GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and Sergeant LEOBARDO TRUJILLO responded to a "disturbance" call for service and detained DECEDENT and a male victim.

17.     DECEDENT was taken into custody and arrested by Defendants GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA and Sergeant LEOBARDO TRUJILLO, as a result of their investigation. At the time of his arrest, DECEDENT complained about head pain and hip pain. It is also believed that at the time DECEDENT was detained and arrested, Defendant Deputies GIOVANNI SERA,

BRANDON LONGORIA, JOSE GARCIA, and MONICA GRANA were aware or should have been aware that DECEDENT was under the influence of drugs and/or may be suffering from an unknown medical or mental health condition. DECEDENT's arrest was approved by Defendant Field Sergeant LEOBARDO TRUJILLO.

18.     On July 5, 2022, at approximately 7:00 p.m., DECEDENT was booked in the Pico Rivera Sheriff's Station Jail and placed in a cell alone by Defendant GIOVANNI SERA, with the approval of Defendant Sergeant TINEO.

19.     On July 6, 2022, a cell check of DECEDENT's cell was performed at approximately 4:27 a.m. by Defendant ROBERT HORAN but he did not adequately check to see if DECEDENT was breathing. At approximately 5:01 a.m. on July 6, 2022, Defendant ROBERT HORAN entered DECEDENT's cell as DECEDENT was not responding to knocks on his cell door and calls for breakfast. Defendant ROBERT HORAN entered DECEDENT's cell and found DECEDENT unresponsive, not breathing and lying on his right side on a bunk in the cell. Defendant ROBERT HORAN immediately noticed blood on DECEDENT's mattress and blanket. When DECEDENT was moved onto his back, foam was noted to be coming from his mouth and he was moved to the floor. Medical personnel responded to the scene and pronounced DECEDENT dead on July 6, 2022 at 5:35 a.m.

20.     While in the care and custody of Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN knew and/or had reason to know that DECEDENT was in need of immediate medical care or mental health treatment, to wit: medical care to address the fact that DECEDENT was under the influence of narcotics, and had suffered from a head injury. Defendants knew, or had reason to know, that DECEDENT may have been under the influence and/or suffering from a medical and/or mental health emergency, which required him to be closely monitored for his safety and well-being.

21.     However, Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN failed to take reasonable action to conduct adequate field and intake evaluations of DECEDENT and summon medical care to address DECEDENT's severe and immediate need for medical and mental health treatment; negligently and recklessly ignored the safety and well-being of DECEDENT and negligently disregarded his medical needs, ignoring duties under federal and state regulations designed for the protection and benefit of persons such as DECEDENT, as well as under common law, to provide reasonable and adequate care, safety, supervision and adequate medical care and mental health treatment to detainees.

22.     Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN did not properly evaluate, house, supervise, care for, or check on DECEDENT's well-being with enough frequency and duration to ensure his safety. Each Defendant failed to ensure that inmates, including DECEDENT were properly screened when arrested and when arriving to the Pico Rivera Station Jail and that all proscribed factors were evaluated when determining and approving DECEDENT's housing assignment.

23.     Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN all had a duty to protect DECEDENT and ensure that all Sheriff Deputies, Custody Assistants and jail staff complied with the applicable Title 15 policies and procedures related to Inmate Housing.  Each Defendant failed to ensure that adequate staff and facilities were maintained as required by Title 15 so that necessary and appropriate medical and mental health services would be provided to inmates such as DECEDENT. Instead Defendants chose to retain a program which they had actual and constructive notice, caused COUNTY employees to violate inmate's constitutional rights. Each Defendant was deliberately indifferent to DECEDENT's medical needs despite being

placed on notice of his condition based on information obtained during the investigation, arrest and booking process.

24.   As a result of the failure of Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN to conduct adequate field and intake evaluations; to properly house DECEDENT; to conduct adequate safety checks and comply with the applicable Title 15 policies and procedures related to Inmate Housing; and to take reasonable action and summon medical care, DECEDENT was left vulnerable because of his physical and mental infirmities. As a result and while in the custody of the Los Angeles County Sheriff's Department at all times mentioned herein, DECEDENT died due to the effects of fentanyl and methamphetamine.

25.   Defendants' failure to conduct adequate field and intake evaluations; to properly house DECEDENT; to conduct adequate safety checks and comply with the applicable Title 15 policies and procedures related to Inmate Housing; and to summon immediate medical care was caused by the negligent failure of the COUNTY in the hiring, retention, and training of its Sheriff Deputies and other COUNTY staff; by the negligent failures of the COUNTY in failing to train its Sheriff Deputies, Custody Assistants, and jail personnel to identify indicators and behavior of persons in need of immediate medical care and persons with medical issues; and by failing to train its Sheriff Deputies, Custody Assistants, and jail personnel to properly identify and communicate to superiors the medical and mental health needs of those persons in custody who require immediate medical care, such as DECEDENT.

26.   As a result of the failure of Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN to conduct adequate field and intake evaluations; to properly house DECEDENT; to conduct adequate safety checks and comply with the applicable Title 15 policies and procedures related to Inmate Housing; and to summon immediate medical care, DECEDENT died and Plaintiffs have lost the

love, companionship, comfort, care, assistance, protection, affection, society and moral support of, DECEDENT.

## IV.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

[By Plaintiffs individually and as successors-in-interest against All Defendants]

27.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

28.     This cause of action is brought pursuant to sections 820 and 815.2 of the California Government Code.

29.     On or about July 5, 2022 and July 6, 2022, DECEDENT suffered from a medical condition and died from said condition due to the inaction, malfeasance, and omissions by Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, and each of them, were negligent in complying with their duties and in the performance of their training and tactics by failing to properly evaluate and investigate DECEDENT'S medical condition when alerted to circumstances that would warrant investigation. Defendants further failed to immediately summon proper medical care for Decedent when they knew or should have known that he required medical treatment. Instead, Defendants COUNTY. LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN refrained from taking any remedial action, placed DECEDENT in custody, and failed to adequately evaluate, classify, house, supervise, monitor, and ensure his safety and well-being. Defendants LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN failed to comply with well-known and commonly trained police and jail tactics and duties and their conduct at all times mentioned herein was below the standard of care for reasonable

COUNTY employees and personnel, and said negligence caused the injuries and damages alleged herein.

**A.    Legal Duty of Defendants**

30.    As set forth herein, Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, and each of them have failed to uphold numerous mandatory duties imposed upon them by state law, and by written policies and procedures applicable to Defendants, including but not limited to the duty to properly supervise those persons in their custody and to provide proper health care when Defendants know or have reason to know that an inmate is in need of immediate medical care. (Government Code § 845.6).

31.    At all pertinent times, the Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN owed Plaintiffs and the DECEDENT a legal duty. Such legal duty required Defendants to act with reasonable care when (1) supervising employees, agencies, and agents of Defendant COUNTY such that unlawful, negligent, and/or reckless conduct by its deputies, custody assistants, jail staff and/or agents, including the failure to conduct an adequate field and intake evaluation; the failure to properly classify DECEDENT; the failure to properly house DECEDENT; the failure to provide adequate supervision of DECEDENT; and the failure to provide adequate medical care to DECEDENT, would be prevented; and (2) protecting DECEDENT while he was incarcerated by Defendant COUNTY and in the custody and care of Defendant COUNTY and COUNTY deputies, custody assistants and other jail staff including but not limited to LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN; and protecting DECEDENT by providing a reasonable and safe environment and adequate supervision of the DECEDENT.

32.     Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN had and have a duty, by law, and by the Defendant COUNTY'S own policies and procedures, to protect individuals in the custody and confinement of Defendant COUNTY who are in need of medical treatment and care, including DECEDENT. Defendants were required to, and failed to be properly vigilant, in seeing that the evaluation/screening, intake, housing and supervision of DECEDENT was sufficient to ensure that DECEDENT would receive the medical care that he needed.

33.     Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN had a duty to enact and enforce sufficient policies and procedural rules and regulations to ensure that reasonable medical care would be afforded to individuals in the custody and confinement of Defendant COUNTY, as was necessary to protect the health and safety of those in custody and confinement such as DECEDENT and maintain proper and appropriate conditions.

34.     Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA and ROBERT HORAN were required to, yet failed to exercise careful supervision of inmates who had medical and mental health needs, including DECEDENT. Said DEFENDANTS were required to, and failed to take reasonable action to determine the housing and medical needs of detainees such as DECEDENT, and negligently failed to provide adequate medical care to such persons.

35.     Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN were required to, yet failed to conduct adequate field and inmate intake evaluations; failed to properly classify inmates; failed to properly determine the housing needs of inmates; and failed to exercise careful supervision of inmates who had medical issues or complaints, such as DECEDENT.

**B.    Breach of Duty by Defendants**

36.    Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN have breached their duties to DECEDENT and Plaintiffs, and such breach is a proximate cause of Plaintiffs' damages. All the Defendants owed a duty of care to, DECEDENT because said Defendants knew that by having DECEDENT in their care and custody, they were charged with the safety and well-being of DECEDENT.

37.    Defendants, COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN were required to, but negligently failed to properly evaluate DECEDENT; failed to properly classify DECEDENT; failed to properly determine DECEDENT's housing needs; failed to adequately address DECEDENT's medical needs; and failed to exercise careful supervision of inmates, such as DECEDENT.

38.    The actions and inactions of Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN were negligent and reckless, including but not limited to:

(a) The negligent failure to provide safe and appropriate jail custody for DECEDENT, including failing to conduct an appropriate intake, improperly classifying inmates for the purpose of appropriate housing assignments,  failing to adequately monitor and supervise DECEDENT, and failing to take adequate measures to ensure that DECEDENT's housing is appropriate and safe;

(b) The negligent failure to provide adequate medical staff to monitor and determine the housing needs and medical needs of DECEDENT herein;

(c) The negligent failure to provide appropriate medical care to individuals in custody, such as, DECEDENT herein;

(d) The negligent failure to implement and enforce policies, procedures and training on how to conduct an appropriate field and intake evaluation and on how to

classify inmates such as DECEDENT for the purpose of identifying their medical needs and housing needs, such as DECEDENT herein;

(e) The negligent failure to implement and enforce policies, procedures and training regarding providing access to and delivery of medical care to individuals in custody, such as, DECEDENT herein;

(f) The negligent failure to implement and enforce policies, procedures and training regarding providing adequate and reasonable supervision and monitoring to all inmates, such as, DECEDENT herein;

(g) The negligent failure to perform checks on the DECEDENT while he was confined in the jail cell of the Pico Rivera Sheriff's Station, and in violation of State and Federal laws;

(h) The negligent failure to render timely medical aid to the DECEDENT;

(i) The negligent supervision of the staff responsible for ensuring DECEDENT's safety and care during his confinement at the Pico Rivera Sheriff's Station Jail;

(j) Employing and retaining employees such as Defendants GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and showing callous indifference to persons experiencing medical distress;

(k) Inadequately supervising, training, controlling, assigning, and disciplining employees such as Defendants GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, who Defendant COUNTY knew or, in the exercise of reasonable care, should have known had the aforementioned propensities and negligent propensities;

(l) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling negligent conduct by Defendants GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN;

39.     Defendants GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN acted within the course and scope of their employment with Defendant COUNTY. Defendants COUNTY, LEOBARDO TRUJILLO and TINEO, breached their duty of care to ensure the competence of its Sheriff deputies, custody assistants, and other jail staff, and failed to exercise ordinary care under the circumstances herein alleged to investigate DECEDENT's medical condition, and to evaluate and assure the competence of all other COUNTY Sheriff deputies, custody assistants, and other COUNTY staff herein, and thereby ratified and condoned the wrongful conduct of GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, and breached their duty of selecting, training, reviewing and periodically evaluating the competency of its officers and jail staff. This breach of duty of careful selection, training, review and periodic evaluation of the competency of such employees created an unreasonable risk of harm to persons such as Plaintiffs.

40.     The failure to summon immediate medical care was caused by the negligent failures of Defendants in the hiring, retention, and training of its Deputies and other COUNTY staff; including the negligent failure of Defendants COUNTY, LEOBARDO TRUJILLO and TINEO, in failing to train its deputies, custody assistants and jail staff to conduct appropriate evaluations and identify indicators and behavior of persons in need of immediate medical care and by failing to train its deputies, custody assistants and other COUNTY staff to properly communicate to superiors the needs of those inmates in need of immediate medical care.

41.     Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN breached the following duties: The duty to conduct an adequate inmate evaluation; the duty to appropriately classify and house inmates; the duty to summon immediate medical care when Defendants knew or had reason to know that, DECEDENT was in need of such medical care and failed to take reasonable action to summon that care

under Government Code 845.6 and the duty to provide enough supervision to those in custody and confinement to ensure that they are safe and healthy.

42.     The negligence of Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN that lead to the death of DECEDENT, was the proximate cause of personal injuries, emotional damages, medical costs, and damages to Plaintiffs.

43.     As a sole, direct and proximate result of the negligence, acts and omissions herein described of, by Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, and the breach of duties owed by all Defendants, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, and moral support of DECEDENT, and will continue to be so deprived for the remainder of their natural lives, all to Plaintiffs' damages according to proof at trial.

44.     The COUNTY is vicariously liable for the wrongful acts and/or omissions of its employees, pursuant to *California Government Code* § 815.2 of the, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts or omissions would subject him or her to liability. Plaintiffs base their claims against Defendant COUNTY on vicarious liability pursuant to *California Government Code* § 815.2.

45.     Plaintiffs seek wrongful death and survival damages under this claim. Plaintiffs were financially dependent on DECEDENT.

## **SECOND CAUSE OF ACTION**

### **WRONGFUL DEATH**

[By all Plaintiffs against all Defendants – Including DOE Defendants]

46.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

47.     The present action is brought under section 377.60 of the Code of Civil Procedure, for the wrongful death of DECEDENT, Leland William Barnett which was caused by the willful, reckless, and negligent acts and omissions of all of the Defendants herein.

48.     On or about July 5, 2022 and July 6, 2022, Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, breached various duties owed to DECEDENT, untimely causing his death, including but not limited to, failing to properly evaluate DECEDENT before he was placed in a jail cell alone; failing to properly classify and house DECEDENT; failing to provide adequate medical care to DECEDENT; failing to provide adequate supervision and care to inmates, such as DECEDENT; mistreating persons with medical health concerns; failing to perform routine checks on DECEDENT while he was confined in the Pico Rivera Sheriff's Department jail, and in violation of State and Federal laws; failing to render timely medical aid to DECEDENT and thereby negligently and recklessly failed to provide for the safety and well-being of DECEDENT.

49.     On or about July 5, 2022 and July 6, 2022, Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, recklessly and negligently failed to provide adequate medical staff to monitor and determine the housing and medical needs of DECEDENT.

50.     On or about July 5, 2022 and July 6, 2022, Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE

GARCIA, MONICA GRANA, and ROBERT HORAN, recklessly and negligently failed to summon medical care including but not limited to medical care to address DECEDENT's medical needs, and failed to prescribe medications or provide medical treatment to such persons as DECEDENT. Defendants negligently and recklessly failed to take reasonable action to summon medical care to address DECEDENT's severe and immediate need for medical treatment.

51.     Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORANs' negligent supervision of DECEDENT while he was in the care and custody of the Defendants, was also a proximate cause of DECEDENT's death and Plaintiffs' injuries.

52.     The negligent, incompetent, and/or reckless acts and omissions of all of the DEFENDANTS proximately caused the death of DECEDENT on July 6, 2022. Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN had a duty to provide adequate evaluations of inmates, appropriate housing of inmates, adequate supervision of inmates, and to summon medical care and appropriately respond to calls for aid. The acts of negligence, recklessness, and gross incompetence apply equally to Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN.

53.     The negligent, incompetent and/or reckless acts and omissions by Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN proximately caused the tragic death of DECEDENT. All of the said Defendants had a duty to protect and provide a secure place for DECEDENT. The acts of negligence, recklessness and gross incompetence apply equally to Defendants COUNTY,

LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN.

54.     The reckless, negligent, and incompetent acts and omissions by Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, inclusive, were the proximate cause of the tragic death of DECEDENT, and has proximately caused Plaintiffs to suffer emotional pain and suffering, and the permanent and insurmountable loss, love, affection, comfort, society, companionship, services, contributions, and other pecuniary losses; and which will continue to cause a loss of future services, contributions, and future pecuniary losses, all to their general damages, which will be set forth according to proof.

55.     As a direct and proximate result of the negligence, carelessness, recklessness, wantonness, and unlawfulness of the Defendants, and each of them, and the resulting death, as aforesaid, Plaintiffs have sustained severe and serious injury to their person, all to Plaintiffs' damage in a sum within the jurisdiction of this Court and to be showing according to proof.

56.     Plaintiffs seek wrongful death and survival damages under this claim. Plaintiffs were financially dependent on DECEDENT.

## THIRD CAUSE OF ACTION
### DENIAL OF MEDICAL CARE
### FOURTH AND FOURTEENTH AMENDMENT – (42 U.S.C. § 1983)
[By all Plaintiffs against all Defendants]

57.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

58.     At the time of his death, DECEDENT was a pretrial detainee. "A prison that deprives prisoners of basic sustenance, including adequate medical care, is incompatible

with the concept of human dignity and has no place in civilized society." *Brown v. Plata*, 131 S. Ct. 1910, 1920(1011). Accordingly, the Fourteenth Amendment to the United States Constitution protects the rights of pretrial detained to adequate medical care. Claims of pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment. *Bell. v. Wolfish*, 441 U.S. 510, 535 n. 16 (1979); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996); *Gibson v. Cnty. of Washoe*, Nev., 290 F.3d 1175, 1187 (9th Cir. 1002).

59.     Throughout the duration of DECEDENT's detention, he had the established right to medical care for his severe medical needs.

60.     Defendant COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, are each responsible for the denial of medical care for DECEDENT either because they themselves failed to provide or obtain medical care, or because they failed to intervene to prevent the denial of medical care.

61.     While detained DECEDENT began to suffer immediate medical distress, as he began to show obvious signs of being under the influence of narcotics, and he began to bleed onto his cell bunk, foam at his mouth and eventually died. Defendants were aware that DECEDENT was in a state of acute medical distress while he was in custody and care of the Defendants. DECEDENT had observable signs of medical distress but he was not attended to until approximately 5:00 a.m., on July 6, 2022, when Defendants finally went to his cell and found him unresponsive. Defendants LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN had actual knowledge of DECEDENT's medical distress based on DECEDENT's observable signs of medical distress and based on information provided by DECEDENT and other witnesses.

62.     Despite the fact that DECEDENT exhibited signs of obvious medical distress, he did not receive any medical treatment.

63.     The aforementioned Defendants' failure to provide proper and necessary medical care caused DECEDENT serious bodily harm and death. The aforementioned denial of medical care violated DECEDENT's right to Substantive Due Process under the Fourteenth Amendment.

64.     Defendants' failure to provide immediate medical care assistance to Decedent, under the circumstances presented and based on the facts known at the time to Defendants was in reckless disregard of the rights of Plaintiffs herein and with the intent to harm Decedent, lacking in any possible rational governmental justification or interest. As such, the failure to provide immediate medical care to Decedent deprived Plaintiffs of the rights, privileges, and immunities not to have their familial association infringed upon, interfered with, or deprived by the loss of life of their son, as guaranteed them by the substantive due process rights provision of the Fourteenth Amendment to the U.S. Constitution, in violation of Title 42 U.S.C §1983.

65.     Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, failed to properly identify and communicate to supervisors the medical needs of those persons in custody who required immediate medical care, such as DECEDENT. Defendants did not report DECEDENT's behavior, and failed to summon necessary medical attention for DECEDENT.

66.     Defendants' failure to provide medical treatment to DECEDENT resulted in further significant injury and the unnecessary infliction of pain, in that they willfully disregarded that serious medical attention was needed, thereby causing DECEDENT great bodily harm and death.

67.     Accordingly, the Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body and allege that these Defendants' wrongful conduct legally caused a deprivation of their constitutionally protected liberty interest in familial companionship, love, comfort, care, society and sustenance of their son, and will continue to be so deprived for the remainder of their natural lives.

68.     Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek wrongful death damages and survival damages for the violation of DECEDENT's substantive due process rights.

### FOURTH CAUSE OF ACTION

### INTERFERENCE WITH FAMILIAL RELATIONS

### FOURTEENTH AMENDMENT – (42 U.S.C. § 1983)

[By all Plaintiffs in Their Individual Capacities against all Defendants]

69.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

70.     Plaintiffs, and each of them, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with DECEDENT. Each Defendant violated Plaintiffs' substantive due process rights by depriving them of a relationship with DECEDENT by causing his death.

71.     The aforementioned actions of Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated any legitimate law enforcement objective, thereby violating DECEDENT's Substantive Due Process rights.

72.     Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, acted under color of state law, and thus violated the Fourteenth Amendment

1  rights of the Plaintiffs to be free from unwarranted interference with their familial

2  relationship with DECEDENT and each other.

3      73.    As a direct and proximate cause of the acts of Defendants COUNTY,

4  LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE

5  GARCIA, MONICA GRANA, and ROBERT HORAN, Plaintiffs suffered emotional

6  distress, extreme and severe mental anguish and pain and have been injured in mind and

7  body. Plaintiffs have also been deprived of the life-long love, companionship, comfort,

8  support, society, care and sustenance of DECEDENT, and will continue to be so deprived

9  for the remainder of their natural lives.

10      74.    The conduct of Defendants COUNTY, LEOBARDO TRUJILLO, TINEO,

11  GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and

12  ROBERT HORAN, was willful, wanton, malicious, and done with reckless disregard for

13  the rights and safety of DECEDENT and the Plaintiffs, and therefore warrants the

14  imposition of compensatory damages as to each Defendant. Plaintiffs seek wrongful

15  death damages under this claim in their individual capacities.

16

17                        **FIFTH CAUSE OF ACTION**

18              **VIOLATION OF CALIFORNIA GOV'T CODE § 845.6**

19                     [By all Plaintiffs against all Defendants]

20      75.    Plaintiffs re-allege and incorporate by reference herein each and every

21  allegation contained herein above as though fully set forth and brought in this cause of

22  action.

23      76.    This cause of action is brought pursuant to *California Government Code* §

24  845.6.

25      77.    As set forth herein, Defendants COUNTY, LEOBARDO TRUJILLO,

26  TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA

27  GRANA, and ROBERT HORAN have failed to uphold numerous mandatory duties

28  imposed upon them by state law, and by written policies and procedures applicable to

Defendants, including but not limited to the duty to properly supervise those persons in their custody and to provide proper medical care when Defendants know or have reason to know that an inmate is in need of immediate medical care. (Government Code § 845.6).

78.     The failure to summon immediate medical care was caused by the negligent failures of Defendant COUNTY in the hiring, retention, and training of its Deputies and other COUNTY staff; by the negligent failures of Defendant COUNTY in failing to train its deputies, custody assistants and other jail staff to identify indicators and behavior of persons in need of immediate medical care and persons with medical issues and by failing to train its deputies, custody assistants and other jail staff to properly communicate to superiors the needs of those inmates in need of immediate medical care.

79.     Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN breached the following duties: The duty to summon immediate medical care when Defendants knew or had reason to know that, DECEDENT was in need of such medical care and failed to take reasonable action to summon that care under Government Code 845.6 and the duty to provide enough supervision to those in custody and confinement to ensure that they are safe.   The failure to provide adequate medical care and adequate supervision, proximately caused his death.

80.     As a result of Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORANS' lack of action and failure to properly secure DECEDENT's safety, DECEDENT died while in Defendants' custody and control. As a result, Plaintiffs have suffered serious emotional distress, including but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, depression and shock. Defendants' actions were a substantial factor in causing Plaintiffs' injuries.

81.     Defendant COUNTY is vicariously liable for the wrongful acts of Defendants LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, pursuant to *California Government Code* § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's acts would subject him or her to liability. Plaintiffs base their claims against Defendant COUNTY on vicarious liability pursuant to *California Government Code* § 815.2.

## SIXTH CAUSE OF ACTION

### Violation of Bane Act (Cal. Civil Code § 51.7 and California Common Law)

(Against All Defendants)

82.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

83.     California Civil Code, Section 52.1 (the Bane Act), applies to this complaint with the same force and effect as fully set forth herein:

(a)  If a person or person, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals or rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state... a civil action for injunctive and other appropriate equitable relief may be brought.

(b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and

24

declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

84.     On information and belief, on or around July 5, 2022 and July 6, 2022, DECEDENT was intentionally and/or negligently left unsupervised in his cell by Defendants LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, after requests for immediate medical health care. As a result of Defendants intentional and/or negligent lack of care for the DECEDENT, his constitutional right to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience were violated. Likewise, through the death of DECEDENT, the present defendants violated the Substantive Due Process rights of Plaintiffs, as well as their right to familial integrity.

85.     As a proximate result of the acts of each Defendant, DECEDENT was made to lose his life without cause or justification.

86.     The injuries suffered by the present Plaintiffs resulted from intentional and/or negligent lack of care for the DECEDENT by the Defendants COUNTY, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, by refusing to properly supervise and provide immediate medical care to the DECEDENT.  Said law enforcement facility personnel intentionally and/or negligently failed to supervise and render medical care to the DECEDENT while in custody. The COUNTY negligently employed, negligently retained, and negligently supervised the facility personnel who contributed to the death of the DECEDENT.

87.     The COUNTY negligently hired Defendants LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN who failed to provide proper care and supervision to DECEDENT, resulting in his death.

88.     The COUNTY negligently pre-screened Defendants LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN who failed to provide proper care and supervision to DECEDENT, resulting in his death.

89.     The COUNTY negligently retained Defendants LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN who failed to provide proper care and supervision to DECEDENT, resulting in his death.

90.     The COUNTY negligently supervised Defendants LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN who failed to provide proper care and supervision to DECEDENT, resulting in his death.

91.     The COUNTY negligently trained Defendants LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN who failed to provide proper care and supervision to DECEDENT, resulting in his death.

92.     The above acts of the present defendants violated Civil Code section 52.1 and DECEDENT, by and through his estate and successors in interest, is entitled to compensatory damages, as well as attorneys' fees.

## V.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants COUNTY OF LOS ANGELES, LEOBARDO TRUJILLO, TINEO, GIOVANNI SERA, BRANDON LONGORIA, JOSE GARCIA, MONICA GRANA, and ROBERT HORAN, inclusive, as follows:

A.     For compensatory damages, including both survival and wrongful death damages under federal and state law, in an amount to be proven at trial;

SECOND AMENDED COMPLAINT FOR DAMAGES

B.    For exemplary damages against each Defendant, except the COUNTY, in an amount according to proof;

C.    For costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; California Code of Civil Procedure § 52.1, and as otherwise authorized by statue or law;

D.    Costs of suit necessarily incurred herein;

E.    Prejudgment interest according to proof;

F.    For such further other relief as the Court may deem just, proper, and appropriate.

Dated: October 20, 2023                    CARRILLO LAW FIRM, LLP

                                By:    _____
                                       Michael S. Carrillo, Esq.,
                                       Attorney for Plaintiffs

## **DEMAND FOR JURY TRIAL**

The Plaintiffs named herein hereby demand a trial by jury.

Dated: October 20, 2023                    CARRILLO LAW FIRM, LLP

                                By:    _____
                                       Michael S. Carrillo, Esq.,
                                       Attorney for Plaintiffs